**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 21 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALTURA COMMUNICATION SOLUTIONS, LLC, <br><br>        Petitioner, <br><br>  v. <br><br> NATIONAL LABOR RELATIONS BOARD, <br><br>        Respondent, <br><br> IBEW LOCAL 21, <br><br>        Intervenor. | No.   20-71522 <br><br> NLRB No.   13-CA-174605 <br><br><br> MEMORANDUM[*] |
| NATIONAL LABOR RELATIONS BOARD, <br><br>        Petitioner, <br><br>  v. <br><br> ALTURA COMMUNICATION SOLUTIONS, LLC, <br><br>        Respondent. | No.   20-71705 <br><br> NLRB No.   13-CA-174605 |

On Petition for Review of an Order of the

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

National Labor Relations Board

Argued and Submitted May 7, 2021
Seattle, Washington

Before: BOGGS,** BERZON, and MURGUIA, Circuit Judges.

Altura Communications Solutions, LLC (Altura) appeals the National Labor Relations Board's (NLRB or the Board) finding that Altura did not bargain in good faith with the International Brotherhood of Electrical Workers Local 21 (the Union). "We must affirm the NLRB if its findings of fact are supported by substantial evidence and it correctly applied the law." *Int'l All. of Theatrical Stage Emps., Local 15 v. NLRB* (*IATSE Local 15*), 957 F.3d 1006, 1013 (9th Cir. 2020) (citation omitted). We hold that the Board's decision is supported by substantial evidence, and we affirm.

1. The NLRB properly considered the totality of the parties' conduct, including, but not limited to, the contract proposals. The Administrative Law Judge (ALJ) recounted the bargaining history in detail, including comments made, proposals advanced, provisions agreed upon and refused, and bargaining behavior. Having done so, the ALJ found, and the Board affirmed, that Altura prematurely declared bargaining impasse; declined to schedule in-person bargaining sessions

_____

** The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

(departing from the parties' past negotiating practice); set impermissible preconditions on in-person bargaining by requiring written proposals ahead of scheduled sessions; and repeatedly dismissed the Union's proposals without discussion. The ALJ and the Board held that this conduct, together with the nature of Altura's proposals at the time impasse was declared, evidenced bad faith. The Board declined to adopt the ALJ's conclusion that Altura's unilateral implementation of contract terms evidenced bad faith. In basing its decision on the ALJ's factual findings and these objective factors, the Board properly considered "the totality of the parties' conduct." *Sparks Nugget, Inc. v. NLRB*, 968 F.2d 991, 994 (9th Cir. 1992) (citation omitted).

2. The Board's conclusion was supported by substantial evidence. The NLRB may infer bad faith where an employer's contract proposals "would exclude the labor organization from any effective means of participation in important decisions affecting the terms and conditions of employment of its members." *Frankl v. HTH Corp.*, 650 F.3d 1334, 1359 (9th Cir. 2011) (quoting *United Contractors Inc.*, 244 N.L.R.B. 72, 73 (1979), *enforced*, 631 F.2d 735 (7th Cir. 1980)). Here, Altura's proposals granted the company unilateral control over terms and conditions of employment that had previously been governed by the collective bargaining agreement, including several categories of benefits. The proposals also allowed Altura unilateral authority to reassign any and all bargaining-unit work to non-union

3

employees or contractors and excluded the company's expanded proposed management rights as well as the benefits no longer covered by the agreement from the contract's grievance and arbitration procedures.

The Board's conclusion that the degree of control Altura sought in these proposals indicates that Altura "lack[ed] a serious intent to . . . reach an acceptable common ground," *IATSE Local 15*, 957 F.3d at 1016 (alteration omitted) (quoting *Liquor Indus. Bargaining Grp.*, 333 N.L.R.B. 1219, 1220 (2001)), is a permissible inference from the record, *see Kitsap Tenant Support Servs., Inc.*, 366 N.L.R.B. No. 98, slip op. at *11 (2018) (citing *Regency Serv. Carts, Inc.*, 345 N.L.R.B. 671, 675, 722 (2005)). This conclusion is further supported by Altura's expressed goal of treating bargaining unit employees "equally" with employees who are not union represented and by its broad new wording for the proposed management-rights clause, including the reservation of "all rights and authority possessed or exercised by the Company prior to the certification of the Union." Considering the totality of the parties' conduct, including the contract proposals, substantial evidence supports the NLRB's conclusion that Altura failed to bargain in good faith, in violation of §§ 8(a)(5) and 8(a)(1) of the National Labor Relations Act. 29 U.S.C. § 158(a).

**PETITION DENIED and ORDER ENFORCED**.

4